# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
STEVEN J. SZOSTEK, BAR NO. 3904.

No. 82237

FILED

FEB 12 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Steven J. Szostek. Under the agreement, Szostek admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 5.4 (professional independence of lawyer). He agreed to a one-year suspension stayed for two years, to run concurrent with his stayed suspension and probation imposed in *In re Discipline of Szostek*, Docket No. 79960 (Order Approving Conditional Guilty Plea Agreement, April 23, 2020).

Szostek has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated RPC 1.3 (diligence) by taking more than three years to finalize trust documents and RPC 1.4 (communication) by failing to respond to the client's requests for updates regarding the trust documents. Additionally, he violated RPC 5.4 (professional independence of lawyer) by sharing legal fees related to the trust with a nonlawyer.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See*

21-04344

*State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Szostek admitted to negligently or knowingly violating duties owed to his client (diligence and communication) and to the profession (professional independence of lawyer). His client suffered potential injury because of the delay in receiving the trust for which she had paid. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The record supports the panel's findings of two aggravating circumstances (prior discipline and substantial experience in the practice of law) and two mitigating circumstances (absence of dishonest or selfish motive and cooperative attitude toward proceedings). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, commencing from April 23, 2020, the date of Szostek's stayed suspension in Docket No. 79960, we hereby suspend Steven J. Szostek for one year, stayed for two years subject to the condition that Szostek not receive any new grievance that results in formal discipline. Szostek shall also pay the costs of the disciplinary proceedings, including

$2,500 under SCR 120, within 30 days from the date of this order, if he has not done so already. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
       Steven J. Szostek
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court